UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARMANE SMITH,

    Plaintiff,

    v.

WORLD FINANCIAL NETWORK BANK,

    Defendants.

Civil Action 2:17-cv-002
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

**ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION**

Plaintiff, Charmane Smith, a Tennessee resident who is proceeding without the assistance of counsel, alleges that Defendant, World Financial Network Bank, defectively designed their products. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction.

**I.**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte*

dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the Undersigned determines it is unnecessary to consider the merits of the state-law products liability claim she advances because this Court lacks subject matter jurisdiction to hear such a claim. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

As best the Court can discern, Plaintiff is alleging that Defendant's "Debit/Credit Card(s) Products, Processing, Processors, and Banking Services" were defectively designed with "security flaws" such that online hackers were able to access her accounts. (Compl. 2, 4, ECF No. 1-1.) Plaintiff alleges that as a result of her accounts being hacked, she was no longer able to use the debit or credit cards Defendant issued to her. She further alleges that because her accounts were hacked, she overpaid "at least $120.00 to Defendant" and that her credit worthiness has been ruined. (*Id*. at 6.) Plaintiff seeks $10 billion in damages.

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under"

the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ( "[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "'detailed factual allegations,' a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007));

In the instant case, construed liberally, Plaintiff's Complaint seeks to assert a negligent design claim, which is a state-law claim. State-law negligent design claims do not satisfy § 1331 because they do not involve alleged violations of federal statutes or alleged deprivations of constitutional rights. This leaves diversity jurisdiction under § 1332(a) as the only potential basis for this Court's jurisdiction. Plaintiff's allegations, however, are insufficient to support diversity jurisdiction.

Specifically, Plaintiff's Complaint fails to adequately plead facts upon which the Court could rely to conclude that the amount in controversy exceeds $75,000. Although she requests $10 billion in damages, her allegations fail to support such a request. Rather, the most specific

allegation of damages she references is that Defendant owes her "at least $120.00 for overpayments [she] was duped into making . . . ." (Compl. 6, ECF No. 1-1.); *see also Carter v. Night Mngmt. & Gap Protection*, No. 2:12-cv-780, 2012 WL 4757384, at *3 (S.D. Ohio Sep. 7, 2012) (concluding that the plaintiff failed to sufficiently plead diversity jurisdiction where "her allegations fail[ed] to support her request for millions of dollars"); *Tiger v. Pynkala*, No. 14-1212, 2014 WL 5502405, at *14 n.11 (W.D. Tenn. Oct. 30, 2014) (finding that the plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in controversy exceeded $75,000).

Plaintiff filed two actions in the United States District Court for the Southern District of Florida that are nearly identical to this case, both of which were dismissed at the initial screening stage for failure to advance allegations sufficient to establish diversity jurisdiction. *Smith v. American Express*, Case No. 16-cv-62805-WPD (S.D. Fla.); and *Smith v. American Express*, Case No. 17-cv-60023-BB (S.D. Fla.). In the earlier-filed case, the Florida Court concluded as follows:

> Plaintiff's threadbare conclusory allegations of "actual, compensatory, lost expectation, special, economic, consequential, continuing, speculative, incidental, and general damages in the sum of $10,000,000,000 (Billion)" are insufficient to support a finding that his case satisfies the jurisdictional amount necessary for diversity jurisdiction under 28 U.S.C. § 1332(a).

*Smith v. American Express*, Case No. 16-cv-62805-WPD, ECF No. 8 at p. 2–3 (S.D. Fla. Dec. 13, 2016) (quoting Plaintiff's complaint). In the later-filed case, the Florida Court referenced the earlier decision and again concluded that dismissal for lack of jurisdiction was required because Plaintiff had "done nothing in the instant Complaint to correct her threadbare allegations." *Smith v. American Express*, Case No. 17-cv-60023-BB, ECF No. 6 at p. 3 (S.D. Fla.). The Undersigned finds that the same result is required in this case. It is therefore

4

**RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing the state-law claims in state court.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED.**


Date: January 20, 2017                                       /s/ *Elizabeth A. Preston Deavers*
                                                                                ELIZABETH A. PRESTON DEAVERS
                                                                                UNITED STATES MAGISTRATE JUDGE