```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Charmane Smith,

      Plaintiff,

    v.                                  2:17-cv-002

World Financial Network Bank,

      Defendant.

### ORDER

Plaintiff Charmane Smith, a resident of Tennessee proceeding pro se, filed the instant action against defendant World Financial Network Bank. Plaintiff has used conclusory labels to describe her claims sounding in products liability, including personal injury, breach of warranty, and strict liability. Liberally construing the complaint, plaintiff basically asserts that defendant was negligent in designing its credit card products, resulting in hackers being able to interfere with her accounts and her use of defendant's credit cards. Plaintiff demands compensatory and economic damages in the amount of ten billion dollars.

On January 20, 2017, the magistrate judge issued a report and recommendation concerning the initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2). The magistrate judge concluded that plaintiff's claims are state law claims and that she has not pleaded any claims under federal law which would support federal question jurisdiction. Doc. 2, pp. 2-3. The magistrate judge also found that the complaint fails to allege sufficient facts to support a finding that the amount in controversy exceeds $75,000, a requirement for diversity jurisdiction under 28 U.S.C. §1332(a). The magistrate judge recommended that the complaint be

dismissed for failure to assert any claim over which this court has subject matter jurisdiction.

This matter is before the court for consideration of plaintiff's objections (Doc. 5) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). When the face of the complaint provides no basis for federal jurisdiction, the court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). Williams v. Cincy Urban Apts., No. 1:10-cv-153, 2010 WL 883846 at *2 n. 1 (S.D. Ohio Mar. 9, 2010)(citing Carlock v. Williams, 182 F.3d 916 (table), 1999 WL 454880 at *2 (6th Cir. June 22, 1999)).

A pro se complaint must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Although a pro se complaint is held to less stringent standards than formal pleadings drafted by attorneys, the

2

court need not accept as true legal conclusions or unwarranted factual inferences. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2006). Nothing in the leniency accorded a pro se filing excuses a plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure. Carpenter v. Springleaf Consumer Loan, Inc., No. 1:15-cv-666, 2016 WL 703678 at *4 (S.D. Ohio Jan. 25, 2016), adopted by 2016 WL 696083 (S.D. Ohio Feb. 22, 2016).

In her objections, plaintiff challenges the magistrate judge's conclusion that the vague and confusing allegations regarding the type and amount of damages plaintiff sustained lacked sufficient factual detail to show that plaintiff could recover in excess of $75,000. Diversity jurisdiction is defeated when it "'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Charvat v. GVN Mich., Inc., 561 F.3d 623, 628 (6th Cir. 2009)(quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). The amount alleged in the complaint will suffice "as long as it is claimed in good faith[.]" Charvat, 561 F.3d at 628. Dismissal is proper if the amount alleged in the complaint was never recoverable in the first instance. Id. The party opposing dismissal has the burden of proving subject matter jurisdiction. Id. at 627. "'Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor.'" Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1183 (10th Cir. 2000)(quoting State Farm Mut. Auto Ins. Co. v. Narvaez, 149 F.3d 1269, 1272 (10th Cir.

3

1998)).

The only specific damages plaintiff alleges in her complaint is that defendant owes her $120 for overpayments on her credit card statements.  Doc. 3, p. 6.  Plaintiff's allegation that she sustained damages in the amount of ten billion dollars is clearly not made in good faith.  See Smith v. Phoenix Technologies Ltd., No. 11-CV-01479-LHK, 2011 WL 5444700 at **2-3 (N.D.Cal. Nov. 9, 2011)(dismissing another action filed by plaintiff pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction where plaintiff's request for $2.8 billion in damages was not made in good faith).  The magistrate judge also noted that two actions filed by plaintiff in Florida, in which she made threadbare and conclusory allegations claiming damages in the sum of ten billion dollars, were also dismissed for failure to satisfy the jurisdictional amount.  See Smith v. American Express, Case No. 17-cv-60023-BB, Doc. 8, pp. 2-3 (S.D. Fla.) and Smith v. American Express, Case No. 17-cv-60023-BB, Doc. 6, p.3 (S.D. Fla.).

Additional factors indicate that plaintiff cannot prove to a legal certainty that she will be able to recover damages sufficient to satisfy the jurisdictional amount.  Plaintiff alleges in her complaint that the injuries resulting from defendant's product security flaws began on or before September 9, 2012.  Under Ohio law, the two-year statute of limitations in Ohio Rev. Code §2305.10 applies to products liability claims.  Gates v. Precision Post Co., 74 Ohio St.3d 439, 659 N.E. 2d 1241 (1996).  Plaintiff's complaint was filed on January 20, 2017, placing many or all of her damages beyond the limitations period.  In addition, plaintiff has made only general allegations of economic damages.  Under Ohio law, such

4

damages are not recoverable in products liability cases in the absence of injury to persons or physical damage to tangible property.  See Westfield Ins. Co. v. HULS Am., Inc., 128 Ohio App.3d 270, 714 N.E.2d 934 (1998)(citing Queen City Terminals, Inc. v. Gen. Am. Transp. Co., 73 Ohio St.3d 609, 653 N.E.2d 661 (1995) and Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co., 42 Ohio St.3d 40, 537 N.E.2d 624 (1989)).  Plaintiff's complaint includes no allegations which would permit her to recover the economic damages she claims.

In her objections, plaintiff now contends that the harm she sustained was at a minimum rate of $120 per year, which began to accrue on September 9, 2012.  Doc. 5, p. 3.  However, even considering this clarification, plaintiff has only specifically identified $600 in damages.  Plaintiff described no further damages in her objections to the magistrate judge's finding that the complaint fails to allege facts sufficient to meet the jurisdictional threshold.  Rather, she argues that her damages will be revealed in discovery.  However, there is no general right to discovery upon the filing of the complaint.  Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003); c.f., Kolley v. Adult Protection Services, 725 F.3d 581, 587 (6th Cir. 2013) (plaintiff is not entitled to discovery before a motion to dismiss, noting that the purpose of Fed. R. Civ. P. 12(b)(6) is to protect defendants from expending resources on costly discovery for cases that will not survive summary judgment).  In any event, plaintiff would be expected to have possession of information concerning her credit card accounts.  She would also be in the best position to identify what type of damages she sustained as a result of the

alleged misuse of her credit cards by hackers. Plaintiff is not entitled to rely on future discovery in this case to establish the jurisdictional amount.

Plaintiff also contends that the screening process under §1915(e)(2) is unconstitutional, alleging that it inhibits access to the courts by lay persons not skilled in the law. However, the constitutionality of §1915(e)(2) has been upheld against similar attacks. See White v. Caruso, 39 F. App'x 75, 79 (6th Cir. 2002)(§1915(e)(2) does not deny access to the courts; it only denies litigant the opportunity to pursue a frivolous claim in the courts to which the litigant has no constitutional right); Hawkins v. Morse, No. 98-2062, 194 F.3d 1312 (table), 1999 WL 1023780 at *2 (6th Cir. Nov. 4, 1999)(litigants are not denied adequate, meaningful access to courts merely because the court may sua sponte dismiss a deficient complaint, as a meritorious claim will survive such screening).

The court concludes that the factual allegations in the complaint are insufficient to show to a legal certainty that plaintiff could recover over $75,000. Plaintiff's claim of damages in the amount of ten billion dollars was not made in good faith, and the complaint fails to allege sufficient facts to convince this court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor. Adams, 225 F.3d at 1183. In her objections to the magistrate judge's report and recommendation, plaintiff offered no additional information concerning her claims which would suffice to satisfy her burden of showing that this court has subject matter jurisdiction.

Having reviewed the report and recommendation and plaintiff's

objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objections are without merit. The court overrules plaintiff's objections (Doc. 5), and adopts the magistrate judge's January 20, 2017, report and recommendation (Doc. 2). This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(I) for lack of subject matter jurisdiction. The clerk shall enter judgement dismissing this case.

Date: February 6, 2017                s/James L. Graham
                                      James L. Graham
                                      United States District Judge